UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,

    Plaintiff,

    v.

THUDDY, et al.,

    Defendants.

Case No. 14-cv-04958-JST (PR)

**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**

## INTRODUCTION

On December 9, 2014, plaintiff, an inmate at San Quentin State Prison (SQSP), filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons stated below, the complaint is dismissed with leave to amend.

## BACKGROUND

In his complaint, plaintiff alleges that the prison system delayed in diagnosing and treating his prostate cancer. According to the complaint, plaintiff has been transferred many times. His claims arise out of the medical treatment he received at High Desert State Prison ("HDSP") from 2000 to 2004 and during a short period in 2014, at California State Prison, Solano ("CSP-SOL") from 2005 to 2012, at the Correctional Training Facility in Soledad ("CTF") for three months in 2010, and at the Deuel Vocational Institution ("DVI") from 2012 to 2014.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v.

1  Brennan, 511 U.S. 825, 837 (1994).  The defendant must not only "be aware of facts from which

2  the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw

3  the inference."  Id.  If the defendant should have been aware of the risk, but was not, then he has

4  not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe,

5  290 F.3d 1175, 1188 (9th Cir. 2002).

6      The complaint has two primary deficiencies that require an amended complaint to be filed.

7  First, the claims against the HDSP defendants occurred in Lassen County; the claims against the

8  CSP-SOL defendants occurred in Solano County; and the claims against the DVI defendants

9  occurred in San Joaquin County.  Lassen, Solano, and San Joaquin Counties all lie within the

10  venue of the Eastern District of California.  Accordingly, the claims against defendants at HDSP,

11  CSP-SOL, and DVI are DISMISSED without prejudice to filing an action in the Eastern District.

12      Plaintiff's remaining claims are against defendants at CTF, which lies in this district.  As to

13  these claims, however, the complaint provides no facts whatsoever linking the CTF defendants to

14  plaintiff's allegations of wrongdoing.  Leave to amend will be granted so that plaintiff may

15  attempt to allege more specifically how the CTF defendants were deliberately indifferent to

16  plaintiff's serious medical needs, if he can do so in good faith.

17      In his amended complaint, plaintiff must "set forth specific facts" regarding what each

18  defendant did, or did not do, that violated his federal constitutional rights.  Leer v. Murphy, 844

19  F.2d 628, 634 (9th Cir. 1988).  Sweeping conclusory allegations will not suffice.  Plaintiff should

20  also identify the approximate date of each incident, to the extent he can do so.  Plaintiff is advised

21  that a supervisor is not liable merely because the supervisor is responsible, in general terms, for

22  the actions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno

23  Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be

24  liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a

25  / / /

26  / / /

27  / / /

28  / / /

1 sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against the HDSP, CSP-SOL, and DVI defendants are DISMISSED. The Clerk shall terminate defendants Kreitler, Rohlfing, Filice, Yuen Chen, Collinsworth, Win, Acquva, Traquina, and Kim from the docket in this action.

2. If plaintiff believes he can cure the above-mentioned deficiencies in good faith, plaintiff must file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-4958 JST (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2015

_____
JON S. TIGAR
United States District Judge