UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL DAVID JOHNSON,

    Plaintiff,

v.

THUDDY, et al.,

    Defendants.

Case No. 14-cv-04958-JST

**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND**

## INTRODUCTION

On December 9, 2014, Plaintiff, an inmate at San Quentin State Prison ("SQSP)", filed a pro se civil rights complaint under 42 U.S.C. § 1983, which was dismissed with partial leave to amend. See Docket No. 13. His amended complaint (Docket No. 21) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are

not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**II.   Amended Complaint**

   **A.   Plaintiff's Claims**

According to the amended complaint, Plaintiff was diagnosed with prostate cancer on July 16, 2013 by doctors at Deuel Vocational Institution ("DVI"), where he was housed at the time. See Docket No. 21 ("FAC") at 5. Plaintiff alleges that his prostate cancer was caused three years prior, while he was housed at California Training Facility - Soledad ("CTF"), by Defendants' Eighth Amendment violations during the June 17, 2009 to September 3, 2009 time period. Specifically, Plaintiff alleges that from June 17, 2009 to September 3, 2009, California Department of Corrections and Rehabilitation ("CDCR") Secretary J.A. Beard, CTF Warden M. Spearman, and Doe 1, identified as the CTF Corrections Plant Manager, maintained the drinking water at CTF with levels of arsenic and nitrate that were both unsafe and in excess of the standards set by the United States Environmental Protection Agency. See id. at 2 and 5. Plaintiff alleges that the unsafe drinking water caused him penile and stomach pains, ulcers, urinary problems, an induration in the right lobe of his prostate, and prostate cancer. See id. at 5. Plaintiff further alleges that from June 17, 2009 to September 3, 2009, Dr. Thuddy, physician's assistant Crammer, and Doe 2, identified as the CDCR Chief Medical Officer ("CMO"), failed to treat Plaintiff as he suffered from penile pain, a bleeding ulcer, and urination problems. See id. at 3–4. Plaintiff was

2

examined by PA Crammer on June 17, 2009.  See id. at 3–4.  At that examination, PA Crammer stated that, according to Plaintiff's file, Plaintiff's previous doctors had treated him "like a guinea pig" and that Plaintiff should be dead by now.  See id. at 4.  Crammer advised Plaintiff to file a lawsuit for failure to diagnose and failure to treat, and offered to serve as a witness.  See id.  On June 18, 2009, Plaintiff's blood and urine samples were taken.  On August 27, 2009, Plaintiff discovered blood in his bowel movement.  See id.  On September 2, 2009, Dr. Thuddy, PA Crammer, and Doe 2 had Plaintiff's stool sampled and discovered blood in his stool.  See id.

### B. Legal Standard

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment requires prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995).  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

### C. Analysis

Liberally construed, Plaintiff's allegations state a cognizable claim that Dr. Thuddy and PA Crammer were deliberately indifferent to his serious medical needs.  However, Plaintiff has failed to state a cognizable Eighth Amendment claim against both Director Beard and Warden Spearman.  Liberally construed, failure to provide safe drinking water states a cognizable claim for cruel and unusual punishment in violation of the Eighth Amendment.  However, Plaintiff has not alleged any facts indicating that Director Beard or Warden Spearman had the requisite state of mind for an Eighth Amendment prison-conditions claim.  A prison official cannot be held liable

under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842. A plaintiff may meet his burden of showing awareness of a risk by presenting evidence of very obvious and blatant circumstances indicating that the prison official knew the risk existed. Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) ("risk that an inmate might suffer harm as a result of the repeated denial of meals is obvious").

Here, Plaintiff has not made any allegations that indicate that Director Beard and Warden Spearman were (1) aware of the unsafe levels of arsenic and nitrate in the CTF drinking water; or (2) aware that the CTF drinking water posed a substantial risk of serious harm to Plaintiff. The claims against Director Beard and Warden Spearman are therefore dismissed with leave to amend so that Plaintiff may attempt to allege more specifically how Director Beard and Warden Spearman knew of, and disregarded, an excessive risk to Plaintiff's health, if Plaintiff can do so in good faith. Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is reminded that "a formulaic recitation of the elements of a cause of action will not do . . . [his f]actual allegations must be enough to raise a right to relief about the speculative level." Bell Atlantic Corp., 550 U.S. at 555.

Does 1 and 2 are dismissed from this action without prejudice. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d

4

1160, 1163 (9th Cir. 1999).  Accordingly, the claims against Defendants Does 1 and 2 are DISMISSED from this action without prejudice.  Should Plaintiff learn the identity of Doe 1 and/or Doe 2 through discovery, he may move to file an amended complaint to add them as named defendants.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against Director Beard and Warden Spearman are DISMISSED with leave to amend if Plaintiff believes he can cure the above-mentioned deficiencies in good faith.  If Plaintiff chooses to file an amended complaint, he must file a SECOND AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed.  The second amended complaint must include the caption and civil case number used in this order (C 14-4958 JST (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file the second amended complaint by the deadline will result in the dismissal of these claims with prejudice.**  The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that he must state facts in the amendment about each Defendant's actions that are sufficient to present a plausible claim that each violated his rights.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").  An amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012).  Plaintiff may not incorporate material from the prior complaint by reference.  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. Defendants Does 1 and 2 are DISMISSED from this action without prejudice.  Should Plaintiff learn the identity of these Doe Defendants through discovery, he may move to file

an amended complaint to add them as named defendants.

3. The claims described above against Dr. Thuddy and PA Crammer are, when liberally construed, cognizable.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter with all attachments thereto and a copy of this order upon defendant Physician's Assistant Crammer and Dr. Thuddy at Correctional Training Facility – Soledad, Highway 101 North, Soledad, CA 93960. A courtesy copy of the amended complaint with its attachments (Docket No. 21) and this order shall also be mailed to the California Attorney General's Office.

5. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a Wyatt notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once a defendant is represented by counsel, all documents must be mailed to

counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: December 29, 2015

_____
JON S. TIGAR
United States District Judge