1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7    PAUL DAVID JOHNSON,

          Plaintiff,
8
                                          Case No.  14-cv-04958-JST

     v.                                   **ORDER SCREENING SECONDED**
9                                         **AMENDED COMPLAINT**

10   THUDDY, et al.,

          Defendants.
11
12
13                           **INTRODUCTION**

14        On December 9, 2014, Plaintiff, an inmate at San Quentin State Prison ("SQSP)", filed a

15   pro se civil rights complaint under 42 U.S.C. § 1983, which was dismissed with partial leave to

16   amend.  See Docket No. 13.  Plaintiff filed an amended complaint, see Docket No. 21, and on

17   December 29, 2015, the Court dismissed certain claims in the amended complaint with leave to

18   amend and ordered partial service of the amended complaint, see Docket No. 22.  Plaintiff has

19   filed a second amended complaint (Docket No. 27) which is now before the Court for review

20   under 28 U.S.C. § 1915A.

21                           **DISCUSSION**

22   **I.    Standard of Review**

23        A federal court must engage in a preliminary screening of any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.  28

25   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims, and dismiss any

26   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

27   seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)

28   (1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d

United States District Court
Northern District of California

United States District Court
Northern District of California

696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).   A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."   Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988).

## II.   Discussion

Plaintiff's second amended complaint differs from his first amended complaint only in three ways.   First, in his second amended complaint, Plaintiff no longer names as defendants California Department of Corrections and Rehabilitation ("CDCR") Secretary J.A. Beard; Correctional Training Facility – Soledad ("CTF") Warden M. Spearman; CTF Corrections Plant Manager (referred to as Doe 1 in the first amended complaint); and CDCR Chief Medical Officer (referred to as Doe 2 in the first amended complaint.   Second, in the second amended complaint, Plaintiff has removed all allegations regarding the CTF Corrections Plant Manager and the CDCR Chief Medical Officer.   Third, Plaintiff has added as defendants Does 1 through 50.

Outside of these changes, the second amended complaint sets forth the same allegations as presented in the first amended complaint.   Plaintiff alleges that, from June 17, 2009 to September 3, 2009, the drinking water at California Training Facility – Soledad ("CTF") had levels of arsenic and nitrate that were both unsafe and in excess of the standards set by the United States Environmental Protection Agency.   See Docket No. 27 ("SAC") at 3.   Plaintiff was housed at CTF

2

United States District Court
Northern District of California

1  at that time and consumed this unsafe drinking water, which was provided to him by Director

2  Beard and Warden Spearman.  See id.  Plaintiff alleges that the unsafe drinking water caused him

3  penile and stomach pains, ulcers, urinary problems, an induration in the right lobe of his prostate,

4  and prostate cancer.  See id. at 4.

5        Plaintiff further alleges that from June 17, 2009 to September 3, 2009, Dr. Thuddy and

6  P.A. Crammer failed to provide Plaintiff with medical treatment to address Plaintiff's penile pain,

7  stomach pain, bleeding ulcer, and urination problems.  See SAC at 3–4.  Plaintiff alleges that Dr.

8  Thuddy and P.A. Crammer's failure to provide him with medical treatment caused Plaintiff an

9  induration and to contract prostate cancer.  See id. at 4.

10        The conditions under which a prisoner is confined are subject to scrutiny under the Eighth

11  Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Eighth Amendment requires

12  prison officials to provide all prisoners with the basic necessities of life such as food, clothing,

13  shelter, sanitation, medical care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832

14  (1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other

15  grounds by Sandin v. O'Connor, 515 U.S. 472 (1995).  Deliberate indifference to a prisoner's

16  serious medical needs violates the Eighth Amendment's proscription against cruel and unusual

17  punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth

18  Amendment when two requirements are met: (1) the deprivation alleged must be, objectively,

19  sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)),

20  and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501

21  U.S. at 297).  Liberally construed, Plaintiff's allegations state a cognizable claim that Dr. Thuddy

22  and PA Crammer were deliberately indifferent to his serious medical needs.

23        Does 1 thru 50 are dismissed from this action without prejudice.  The use of Doe

24  defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

25  Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing

26  of a complaint, the plaintiff should be given an opportunity through discovery to identify them.

27  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177

28  F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against Defendants Does 1 thru 50 are

DISMISSED from this action without prejudice.  Should Plaintiff learn the identity of Does 1 thru 50 through discovery, he may move to file an amended complaint to add them as named defendants.

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.      Defendants Does 1 through 50 are DISMISSED from this action without prejudice. Should Plaintiff learn the identity of these Doe defendants through discovery, he may move to file an amended complaint to add them as named defendants.

2.      The second amended complaint (Docket No. 27) is the operative complaint.

3.      The claims described above against Dr. Thuddy and PA Crammer are, when liberally construed, cognizable.  However, because these are the same claims which the Court found cognizable in its December 29, 2015 Order of Partial Service, the deadline for Defendants to file a motion for summary judgment or other dispositive motion  remains unchanged.  No later than **March 29, 2016**, Defendants must file and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

**IT IS SO ORDERED.**

Dated:   February 23, 2016

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4