UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br>    Plaintiff,<br>v.<br>DR. THUDDY, et al.,<br>    Defendants. | Case No. 14-cv-04958-JST (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANTS; VACATING DEADLINE FOR FILING OF DISPOSITVE MOTION** |

Plaintiff, an inmate at San Quentin State Prison proceeding pro se, filed a second amended complaint under 42 U.S.C. § 1983, against prison medical staff at the Correctional Training Facility ("CTF"), where he was previously incarcerated. On February 24, 2016, the Court found that plaintiff stated a cognizable claim of deliberate indifference to medical needs as against CTF Doctor Thuddy ("Dr. Thuddy") and CTF Physician Assistant Crammer ("P.A. Crammer") and issued an order of service.

On March 31 2016, the summonses for defendants Dr. Thuddy and P.A. Crammer were returned unexecuted. The summons for Dr. Thuddy contained the following remark:

> The Litigation Coordinator at CTF said that there isn't anyone there by that name. There was a Dr. Chudy. If that is the correct spelling please reissue.

Dkt. No. 29. The summons for P.A. Crammer contained the following remark:

> I have been unable to identify a Physician Asst. named Crammer.

Id. Accordingly, defendants have not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on

service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendants Dr. Thuddy and P.A. Crammer. Consequently, plaintiff must remedy the situation or face dismissal of his claims without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within 90 days of the February 16, 2016 second amended complaint**,** i.e., no later than **May 16, 2016,** plaintiff must effect service on defendants Dr. Thuddy and P.A. Crammer, or submit to the Court sufficient information to identify and locate defendants Dr. Thuddy and P.A. Crammer such that the Marshal is able to effect service. **Failure to do so will result in dismissal of any unserved defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The briefing schedule set forth in the Court's February 24, 2016 order is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

IT IS SO ORDERED.

Dated: April 6, 2016

_____
JON S. TIGAR
United States District Judge