UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH CHUDY,<br><br>    Defendant. | Case No. 14-cv-04958-JST<br><br>**ORDER DENYING REQUEST FOR WRIT OF MANDAMUS**<br><br>Re: ECF No. 130 |

Plaintiff, an inmate housed at San Quentin State Prison ("SQSP"), filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Correctional Training Facility ("CTF") doctor Chudy. On July 1, 2022, the Court granted summary judgment in favor of defendant Chudy, finding that Plaintiff had failed to exhaust administrative remedies, and dismissed the action without prejudice to Plaintiff to re-filing after administrative remedies are exhausted. ECF No. 121. Judgment was entered in favor of defendant Chudy that same day. ECF No. 122. On July 26, 2022, the Court denied various post-judgment motions filed by Plaintiff.[1] ECF No. 127. The Court also directed the Clerk to docket ECF No. 125 at 2 separately as a notice of appeal. *Id*. Plaintiff has now filed a pleading titled "Writ of Mandamus in Defendant's Wavier of Reply; and Demand for Jury Trial." ECF No. 130. In this pleading, Plaintiff states he is requesting a writ of mandamus due to "the continuous delays." ECF No. 130 at 1. He alleges that Defendants are "stalling" and are beyond the 60-day time limitation. *Id.* He "request[s] for the demand for jury trial as a matter of law." ECF No. 130 at 4. It is unclear what relief Plaintiff is seeking. This case is closed and Plaintiff

---

[1] Plaintiff filed a request for entry of default (ECF No. 124), a request for reconsideration pursuant to Fed. R. Civ. P. 60(a)(b)(4) (ECF No. 125), and a request for recusal pursuant to Fed. R. Civ. P. 144 (ECF No. 126).

1   has filed a notice of appeal in the Ninth Circuit.  ECF Nos. 121, 122, 127.

2         Plaintiff's request for a writ of mandamus is DENIED for the following reasons.

3         First, because a notice of appeal has been filed, the district court no longer has jurisdiction over the matters being appealed.  *Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

      Second, although the request claims to seek a writ of mandamus, this request is another motion for reconsideration.[2]  Plaintiff appears to be arguing that he is entitled to a jury trial and that defendant Chudy failed to timely make a jury demand.  The Court has considered and denied these arguments multiple times, *see, e.g.,* ECF No. 106; ECF No. 121 at 11-13; ECF No. 123, and Plaintiff has not proffered any new arguments that would warrant reconsideration.  Plaintiff's request for a jury trial and his claim that defendant Chudy has not timely fulfilled his litigation obligations are DENIED for the same reasons as set forth in the Court's prior orders (ECF No. 106; ECF No. 121 at 11-13; ECF No. 123).

      This order terminates ECF No. 130.  This case remains closed.

**IT IS SO ORDERED.**

Dated:  October 31, 2022

                                                  JON S. TIGAR
                                         United States District Judge

---

[2] The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus relief is only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  *See Agua Caliente Tribe v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019).  Plaintiff seeks to have this Court order itself to reverse its prior orders and grant him a jury trial.  In other words, he seeks to have the Court reconsider its prior orders.